```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

_____

|  |  |  |
|--|--|--|
| MARION LATROY WILLIAMS, | ) | |
| D/B/A/ ICA AND FIRST SUPREME, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | No. 04-2723 Ma |
|  | ) | |
| HAROLD MOTTER | ) | |
| D/B/A COLORXPRESS AND | ) | |
| TOM KELLUM D/B/A | ) | |
| DESIGNER GRAPHICS, | ) | |
|  | ) | |
| Defendants. | ) | |

_____

**ORDER GRANTING MOTION TO DISMISS**
_____

On February 8, 2005, Plaintiff Marion Latroy Williams[1] ("Williams") filed an Amended Complaint alleging breach of two separate contractual agreements for the delivery and sale of printing presses. Before the court are two motions to dismiss: (1) Defendant Harold Motter's[2] ("Motter") motion filed on March 9, 2005, to which Williams responded on March 29, 2005 and (2) Defendant Tom Kellum's[3] ("Kellum") motion filed on June 2, 2005, to which Williams responded with a "notice of removal" on December 29,

---

[1] Marion Latroy Williams also refers to Marion Williams doing business as ICA and/or First Supreme.

[2] Harold Motter also refers to Harold Motter doing business as ColorXpress.

[3] Tom Kellum also refers to Tom Kellum doing business as Designer Graphics.

2005. Kellum filed a motion to strike Williams' "notice of removal" and a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure on January 26, 2006. The Amended Complaint asserts jurisdiction based on diversity of citizenship.

## I. Kellum's Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Kellum seeks dismissal of this action for lack of subject matter jurisdiction.  On the face of the Amended Complaint, Plaintiff Williams alleges that he is a resident of Tennessee and that Defendant Kellum is also a resident of Tennessee. Absent complete diversity between the parties, this court lacks subject matter jurisdiction.

## II. Williams' Notice of Removal and Kellum's Motion to Strike

Williams' "notice of removal" asks this court to remove the matter to state court pursuant to 28 U.S.C. §§ 1441 and 1446. Sections 1441 and 1446 govern removal of cases from state court to federal court and do not apply to matters initiated in federal court. There is no other reasonable basis for transfer in this case. Therefore, Williams' request for removal is DENIED. Kellum's motion to strike is DENIED as moot.

## III. Kellum's Motion for Sanctions

Kellum argues that Williams' "notice of removal" has no basis in law or in fact and is frivolous.  Kellum seeks sanctions under Rule 11(b).  Sanctions are not appropriate here, where Plaintiff

2

has merely suggested an alternative to dismissal.  Kellum's motion for sanctions is DENIED.

**IV.  Conclusion**

For the foregoing reasons, this case is dismissed. Williams' request for removal is DENIED.  Kellum's motion to strike is DENIED as moot. Kellum's motion for sanctions is also DENIED.

So ORDERED this 1st day of February 2006.

_____
s/ SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE